```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

ERIC CHARLES BEENE              §
                                §
VS.                             §   CASE NO. 4:06-CV-466-Y
                                §
ARAMARK HEALTHCARE SUPPORT      §
SERVICES, INC., ET AL           §
```

## ORDER GRANTING MOTION TO DISMISS

The Court has before it the motion to dismiss of defendant the Texas Workforce Commission ("TWC"), under Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject-matter jurisdiction and the failure to state a claim upon which relief can be granted (doc. #20). After review of the motion, and noting that *pro se* plaintiff Eric Beene has not filed a response, the Court concludes that it should be GRANTED.

I.   Factual Background

Beene filed his complaint against Aramark Healthcare Support Services, Incorporated ("Aramark"), and TWC on July 3, 2006. His case was then referred to the magistrate who determined Beene could proceed *in forma pauperis*. His request for court appointed counsel, however, was denied. Before authorizing service of process by the United States Marshal's Office, the Court directed Beene to file an amended complaint. Beene complied and filed his amended complaint on July 25.

In his amended complaint, Beene alleges he was sexually harassed and discriminated against based on his race while employed at Aramark. According to Beene, he worked for Aramark from February 8, 2005, through December 30, 2005, as a food-service

worker. Beene claims that a female co-worker sexually harassed him by inappropriately touching him, constantly trying to kiss him, calling him at his home and on his cell phone, telling other co-workers that they were sexually intimate, referring to him using terms of endearment, and telling others that they were dating.

Beene states he refused and rebuffed the numerous advances of this female co-worker and complained several times to his immediate supervisors of her harassing conduct. Beene complains that his immediate supervisors failed to take any action.

Beene also claims that he suffered discrimination based upon his race. He alleges that he was the only black male at the workplace and that one of his supervisors said that he would not permit Beene to work overtime because he did not trust Beene because he is black. Beene claims that Hispanic females were permitted to work overtime and that he was assigned to perform duties that the female Hispanic employees were capable of performing but were told not to do.

Beene states he filed a complaint for sexual harassment with Aramark's human-resources office complaining that he was being sexually harassed and that his immediate supervisors refused to take any action. Beene states Aramark never acted on his complaint.

Then, in September 2005, Beene filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging Aramark was discriminating against him on the basis of his sex and race. On December 30, 2005, Aramark terminated Beene's employment. Beene

2

claims his termination was in retaliation for filing the complaint with the EEOC, and that Aramark's proffered reason of "aggressive behavior" was a pretext.

After being fired, Beene filed for unemployment benefits at TWC.  TWC initially approved Beene for unemployment benefits, but subsequently reversed its decision based on evidence it received from Aramark detailing Beene's alleged aggressive behavior that lead to his termination.  Beene complains that Aramark's evidence consisted of hearsay statements and fabricated evidence and that TWC refused, in violation of the Fifth and Fourteenth Amendments, to accept the testimony of witnesses who were present at the alleged incident that lead to Beene's termination for aggressive behavior.  Beene states, "All conditions precedent to the filing of this suit have been performed or have occurred."  (Pl.'s Compl. at 2.)

II. Analysis

   A.   Standard

A motion to dismiss under Rule 12(b)(1) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6).  *See Home Builders Association of Mississippi v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)("A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.").  A motion to dismiss for a failure to state a claim "is viewed with disfavor and is rarely granted."  *Kaiser Aluminum &*

3

*Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)(internal quotations and citations omitted). The court must accept as true all well pleaded, non-conclusory allegations in the complaint, must liberally construe the complaint in favor of the plaintiff, and resolve all doubts in the plaintiff's favor. *See Kaiser Aluminum*, 677 F.2d at 1050; *Collins, et al. v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

"It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002). Nevertheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss regardless of whether the complaint is drafted *pro se* or by an attorney. *Id.; see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 930 (5th Cir. 1995). A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that he cannot prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Garrett v. Commonwealth Mortgage*

4

*Corp.*, 938 F.2d 592, 594 (5th Cir. 1991); *Kaiser Aluminum*, 677 F.2d at 1050.

> The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).

B.  Discussion

TWC contends Beene's complaint against it should be dismissed under Rule 12(b)(1) and (6).  TWC's argument is that Beene's complaint establishes that his claims arise from the conduct of Aramark and its employees and not TWC.  TWC contends that it did not employ Beene and that it did not discriminate against Beene in any manner.

TWC's argument focuses on Beene's complaint for discrimination in the workplace.  But the Courts are admonished to liberally construe *pro se* complaints.  *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). While Beene's complaint is not as clear as it could be, it does reveal that Beene is requesting judicial review of TWC's decision to deny him unemployment benefits.  Beene describes how he applied for benefits, how TWC initially approved his application for benefits, and how subsequently TWC reversed its decision and denied his application for benefits.  Beene complains that TWC's decision was based on faulty evidence and that he was

5

not given a fair opportunity to confront that evidence with evidence of his own. Making a liberal construction of Beene's complaint, the Court finds that he is in reality requesting judicial review of TWC's decision. The Court notes that judicial review of TWC decisions is permissible under TEX. LABOR CODE § 212.201; *see also Lorenz v. Texas Workforce Commission,* No. 05-50938, 2006 U.S. App. LEXIS 26964 at *11-12 (5th Cir. Oct. 30, 2006)(although plaintiff sued TWC for "negligent misrepresentation," complaint actually described process by which TWC denied application for unemployment benefits and was liberally construed as a request for judicial review of TWC's decision).

But despite the liberal construction of Beene's complaint, the Court is still compelled to dismiss his claim against TWC. "The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Company, Local Union Number 2286, et al.,* 794 F.2d 974, 980 (5th Cir. 1986). This includes suits against a state agency because a suit against a state agency "is a suit against the state . . . ." *Id.*

"The [TWC] is a state agency established . . . to administer the unemployment compensation insurance program" in the state of Texas. *See* TEX. LABOR CODE § 301.001. Although judicial review of TWC's decision is permissible under Texas law, "as the Supreme Court pointed out . . ., a state's consent to be sued in its own courts does not constitute consent to such a suit in federal court." *Daigle,* 794 F.2d at 980 (citing *Pennhurst State School and*

6

*Hospital, et al. v. Halderman, et al.,* 465 U.S, 89, 100 n.9 (1984)).

A state's immunity from suit, however, is not absolute. *Meyers v. Texas,* 410 F.3d 236, 241 (5th Cir. 2005). A state "may waive its sovereign immunity by consenting to suit." *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, et al.,* 527 U.S. 666, 670 (1999). The Court will find waiver if the state voluntarily invokes federal court jurisdiction or makes a clear declaration that it intends to submit itself to federal court jurisdiction. *Meyer,* 410 F.3d at 241.

There is nothing in the Texas statutory scheme that clearly indicates that Texas has waived its immunity from suit in federal court. And although TWC has not raised immunity as a ground for dismissal in its motion, "the failure to raise the argument is not a clear declaration that [Texas] waived its Eleventh Amendment immunity." *Sullivan v. University of Texas Health Science Center at Houston Dental Branch, et al.,* No. 05-21050, 2007 U.S. App. LEXIS 3190 at *5 (5th Cir. February 13, 2007)(internal quotations omitted). Thus, the Court concludes that the Eleventh Amendment precludes Beene's suit against TWC. *See Daigle,* 794 F.2d at 980 (holding suit against Texas Employment Commission, predecessor to TWC, for judicial review of denial of unemployment compensation barred by Eleventh Amendment).

III. Conclusion

Accordingly, for the foregoing reasons, TWC's motion to dismiss is GRANTED. All claims against defendant Texas Workforce Commission are hereby DISMISSED WITHOUT PREJUDICE.

SIGNED May 17, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE